### ELIJAH HARRIS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—365.]

**Failure to Instruct as to Self-Defense.**

Where the accused is charged with malicious shooting and wounding, and the evidence shows that the person wounded also shot the accused, the evidence being conflicting as to who was the aggressor and as to whether the accused was defending himself, it is reversible error for the trial court to fail to instruct the jury as to the law of self-defense. If the firing was returned by the accused to protect his own person then he was not the aggressor, or if he fired the shot after being fired upon, and this was done in a sudden heat and passion caused by the firing of the other, the accused was entitled to an instruction to that effect.

APPEAL FROM LAUREL CIRCUIT COURT.

November 19, 1885.

OPINION BY JUDGE PRYOR:

It is very evident that something must have passed between the parties engaged in the fight resulting in the wounding of both, other than is offered to be detailed by the principal witness for the state and the party injured by a shot from the accused. He came to the mill of the accused heavily armed with a bowieknife and pistol, and from his version of the tragedy the appellant, after aiding him in unloading his corn and addressing him in the most pleasant manner, walked directly to his home, obtained his pistol and then returned with a view of taking his life. He did return with a pistol and said to the witness, "You must give up that knife

or leave, else I will blow your brains out." Witness left the mill, and the accused, standing between him and the door, gave way for him to pass. Every opportunity was afforded the accused to shoot Lanksley, if this had been his purpose. He called to Lanksley, and perhaps advancing toward him, according to Lanksley's testimony shot him without any reason whatever, the latter returning the shot, the ball passing into or through the body of the accused.

If Lanksley's testimony is the correct version of the affair, this verdict would be proper, if the law for the defendant had been given the jury. Some four or five witnesses say that Lanksley fired the first shot, and the accused returned the fire. Whether this firing by the accused was done in self-defense, in sudden heat and passion or with malice was the question involved in the case and to be passed upon by the jury alone. If the firing was returned by the accused to protect his own person from great bodily harm when he was not the aggressor, he is not guilty; or if he fired the shot after being fired at by Lanksley, and this was done in sudden heat and passion, caused by the firing of Lanksley, the accused was entitled to an instruction to that effect, so that the jury might say whether the shooting was malicious or in sudden heat and passion. We find no such instruction in this case, and therefore the jury, as the case was presented, had either to return a verdict of not guilty or find the defendant guilty of malicious shooting and wounding. This case must go back to be retried, and an instruction be given in regard to sudden heat and passion, and when this is done the triers of the facts will have been instructed as to the whole law of the case.

Judgment reversed and remanded for a new trial on principles consistent with this opinion.

Judgment *reversed*.

*R. L. Ewell, Brown & Jones, for appellant.*

*P. W. Hardin, for appellee.*